UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| Solstad Operations AS<br><br>Plaintiff,<br><br>-against-<br><br><br>Ranger Offshore, Inc.<br><br>Defendant. | 16 Civ. _____<br><br>**VERIFIED COMPLAINT** |

Plaintiff, Solstad Operations AS ("Plaintiff" or "Solstad"), by its attorneys Blank Rome LLP, complaining of the above-named Defendant, Ranger Offshore, Inc. ("Ranger"), alleges upon information and belief as follows:

## JURISDICTION AND PARTIES

1. This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. The Court has admiralty jurisdiction under 28 U.S.C. §1333.

2. Solstad brings this action against Ranger pursuant to Federal Rule of Civil Procedure Supplemental Admiralty Rule B(1)(e) and the applicable Texas state-law attachment remedy outlined below via Fed. R. Civ. P. 64.

3. At all material times, Solstad was and is a foreign corporation with its registered office at P.O. Box 13, Nesaveien 39. Skudeneshavn, Norway.

147820.06501/102254318v.1

4.      At all material times, Ranger was and is a Delaware corporation with its registered Texas office at 32614 Wedmore Place, Fulshear Texas 77441 and its corporate office at 10370 Richmond Avenue, Suite 1000, Houston Texas 77042.

## FACTUAL BACKGROUND

5.      By time charter party dated May 11, 2015 (the "Time Charter"), Plaintiff Solstad, as the owner, time-chartered its ocean-going vessel M/V NORMAN COMMANDER (the "Vessel") to Defendant Ranger as the charterer, for a six month period commencing from the date of delivery of the Vessel. See Exhibit "A," *Time Charter*.

6.      The Vessel was delivered under the Time Charter on or about June 4, 2015 in Galveston, Texas. See Exhibit "A," *Time Charter*. Ranger was thereafter required to make regular "hire" payments to Solstad pursuant to the terms of the Time Charter. See Exhibit "A," *Time Charter*.

7.      Beginning in January 2016, Ranger failed to make regular hire payments to Solstad for the charter of the Vessel as was required under the terms of the Time Charter.

8.      As of April 18, 2016, the current amount of overdue charter hire for the charter of the Vessel is **NOK 17,939,196.35** (or **USD $2,364,709**).

9.      Despite several reminders and due demand, Ranger failed to remit payment on the overdue hire invoices which according to the terms of the Time Charter are now long overdue. See Exhibit "B," *Demand Letter*. As a result, Ranger is in total breach of the Time Charter.

## COUNT I – BREACH OF CONTRACT

10.     All of the foregoing factual and legal allegations are incorporated herein by reference as if set forth in full.

11. In breach of the Time Charter, Ranger has failed to pay to Solstad certain amounts of hire due thereunder although past due and duly demanded.

12. By reason of Ranger's breach of the Time Charter, in failing to pay the above hire amounts, Solstad has thus sustained damages of at least **USD $2,364,709.00**.

## LONDON ARBITRATION

13. All of the foregoing factual and legal allegations are incorporated herein by reference as if set forth in full.

14. In accordance with the terms of the Time Charter, Solstad has demanded that the parties participate in arbitration in London before the London Maritime Arbitrators Association in respect of Solstad's claim against Ranger for its breach of the Time Charter. Solstad submitted its notice of appointment of arbitrator to Ranger on April 26, 2016. See Exhibit "C," *Notice of Appointment of Arbitrator*.

15. In arbitration, Solstad anticipates that it would be awarded its attorneys' fees and costs, estimated at $50,000.00.

16. Accordingly, Solstad's total damages as a result of Ranger's breach of the Time Charter (inclusive of the breach itself and the expenses of London arbitration) are estimated to be US **$2,414,709.00**.

## APPLICATION FOR TEXAS STATE LAW ATTACHMENT REMEDY

17. All of the foregoing factual and legal allegations are incorporated herein by reference as if set forth in full.

18. Ranger has or will have during the pendency of this action, certain assets within this district consisting of movable property, cash, funds, freight, and hire credits in the hands of garnishees.

19.     Specifically, upon information and belief, Ranger is the registered owner and operator of the vessel GLOBAL ORION, a Vanuatu-flagged offshore supply vessel bearing IMO No. 9249439. See Exhibit "D," *Seaweb Report for GLOBAL ORION*.

20.     Upon further information and belief, as of the date of this Verified Complaint, the GLOBAL ORION is currently located at the Bolivar Roads Anchorage, which is within the District of this Honorable Court.

21.     In accordance with Supplemental Admiralty Rule B(1)(e) and Fed. R. Civ. P. 64(a), Solstad respectfully seeks all relief available to it under the laws and remedies of the State of Texas, specifically a Texas writ of attachment pursuant to Texas Civil Practice & Remedies Code §61.001, *et seq.*, to attach Ranger's vessel, the GLOBAL ORION, at the Bolivar Roads Anchorage, to secure satisfaction of Solstad's potential judgment.

22.     Solstad is entitled to the issuance of a Texas Civil Practice & Remedies Code §61.001 writ of attachment on the grounds stated in the attached affidavit of undersigned counsel Keith Letourneau filed in connection with this Verified Complaint. The Letourneau Affidavit is incorporated herein by reference. All conditions precedent have been performed or have occurred.

**WHEREFORE**, Plaintiff Solstad prays:

A.     That process in due form of law issue against Ranger Offshore, Inc., citing it to appear and answer under oath the matters alleged in the Complaint;

B.     That, in accordance with Texas Civil Practice & Remedies Code §61.001, *et seq.*, as made applicable by Supplemental Admiralty Rule B(1)(e) and Fed. R. Civ. P. 64(a), this Court issue an Order directing the Clerk of Court to issue a Texas Writ of Attachment, attaching all of Ranger's tangible or intangible property or any other funds held by any garnishee in the District which are due and owing or otherwise the property of to the Defendants up to the

amount of **US $2,414,709.00** to secure the Solstad's claims, including a Writ of Original Attachment for Ranger's Vessel, the M/V GLOBAL ORION which is currently located at the Bolivar Roads Anchorage, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint.

        C.    That this Court appoint a substitute process server (in lieu of the U.S. Marshal) to serve Process of the Texas Writ of Attachment upon the Vessel under Supplemental Admiralty Rule B;

        D.    That this Court award Solstad its damages or retain jurisdiction over this matter through the entry of a judgment on the London arbitration award.

        E.    That Solstad may have such other, further and different relief as may be just and proper.

Dated: Houston, Texas
       May 13, 2016

                                  **BLANK ROME LLP**

                                  */s/ Keith B. Letourneau*
                                  _____
                                  Keith B. Letourneau
                                  State Bar No. 00795893
                                  Federal Bar No. 20041
                                  717 Texas Avenue, Suite 1400
                                  Houston, Texas  77002
                                  Telephone:  713-228-6601
                                  Facsimile:   713-228-6605
                                  Email: kletourneau@blankrome.co
                                  *Attorney-in-charge for Plaintiff Solstad Operations AS*

147820.06501/102254318v.1

## VERIFICATION

STATE OF TEXAS )
: ss.:
COUNTY OF HARRIS )

Keith B. Letourneau, being duly sworn, deposes and says:

1. I am a member of the bar of this Honorable Court and partner with the firm of Blank Rome LLP, attorneys for Plaintiff Solstad Operations AS.

2. I have read the foregoing Verified Complaint and I believe the contents thereof are true.

3. The reason this Verification is made by deponent and not by Plaintiff is that Plaintiff is a foreign corporation, no officer or director of which is within this jurisdiction.

4. The sources of my information and belief are documents provided to me and statements made to me by representatives of the Plaintiff.

Keith B. Letourneau

Sworn to before me this
13 day of May, 2016

Notary Public



LAURIE BABIN
My Notary ID # 11731682
Expires April 12, 2018

147820.06501/102254318v.1